[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes before this Court as a summary process eviction matter based upon nonpayment of additional rentals, including taxes and insurance. The leased premises involve a building used by the defendant as a community center on Park Avenue in Bridgeport, Connecticut. The written lease, dated December 30, 1998 provided that the defendant would pay 52% of the real estate taxes assessed against the real property and building and it would also pay 52% of the Lessors insurance premiums for the property.
A summary process eviction complaint with a return date of CT Page 13360-A September 8, 1999 was returned to the court on August 30, 1999. An answer was filed on September 22, 1999 denying the lack of payment of additional rentals. The defendant raises the special defense of lack of presentment of the real estate tax bill, and the defense of forbearance. A hearing was scheduled by the Court for October 7, 1999 at which time the parties stipulated that a notice to quit, as attached to the complaint, was received by the defendant.
At trial the court heard from two witnesses: Joseph Voll, the principal, with his wife, of the plaintiff LLC, and Leonard S. Paoletta, the President of the Defendant. Mr. Voll testified for the Plaintiff that the defendant had sold to the plaintiff the subject property on December 30, 1998, (deed, Pl. Ex. 1). Mr. Voll further testified that in Article XVII of the lease (Pl. Ex.2) the defendant was to pay the taxes as additional rent. Mr. Voll further testified that since the defendants did not have the money to pay the taxes due at closing, an additional paragraph was placed in the lease dated December 29, 1999. The last paragraph of Article XVII states:
 Notwithstanding the above, the LESSOR and LESSEE agree that the real estate taxes due on January 1, 1999 will be considered to be paid timely provided the LESSER receives them by no later than May 30, 1999. Beginning with the real estate taxes due JulyCT Page 13360-B 1, 1999 those taxes must be paid in accordance with the terms and provisions of the first and second paragraphs of this article.
Mr. Voll further testified that the tax bill due January 1, 1999 in the amount of $34,353.08 (Pl. Ex. 3) was known to the defendant, and that the Plaintiff specifically deferred payment until May 30, 1999. Mr. Voll further testified that the Plaintiff paid the tax bill in full and that the plaintiff has "not received payment due thereunder."
In addition, Mr. Voll testified that in Article XVIII of the lease, the defendant was to pay for insurance, as additional rental payments and that bills were sent, including by certified mail, return receipt requested, and that no insurance payments were received as required under the lease. Mr. Voll further testified that he never agreed to forbear any rental or additional rental payments.
Mr. Leonard S. Paoletta testified for the defendant that he became President of the defendant in March 1999, after the sale of the subject premises by defendant to plaintiff, and after the execution of the lease between plaintiff as lessor and defendant as lessee. Mr. Paoletta testified that he had a short discussion with Mr. Voll by telephone in June or July of 1999 concerning the unpaid taxes and insurance. Mr. Paoletta testified that the defendant had a planned major fundraiser in September, and that CT Page 13360-C payment would be made. Mr. Paoletta testified that he was under the impression that the plaintiff would not go forward with an eviction action.
The court heard further testimony from Mr. Paoletta that substantial plans for improvements and repairs to the subject property were made by the defendant in the amount of $250,000 to $300,000. Mr. Paoletta testified that Mr. Voll did not present the tax bill to defendant due May 30, 1999.
As to the first special defense of the defendant, the lack of presentment of the real estate tax bill, the court finds for the plaintiff. The court finds persuasive that portion of the lease in paragraph XVII (Pl. Ex. 2) that defers payment to May 30, 1999. Whether the tax bill was physically presented to the defendant is irrelevant, as the court finds that the defendant knew what the amount of the tax bill was at the closing and at the signing of the lease and the above provision of the lease deferring payment of the taxes due January 1, 1999 to May 30, 1999 was specially negotiated to accommodate the defendant, who could not pay the taxes due on January 1, 1999. The last paragraph of XVII specifically waives the tax due date of January first, and the presentation of the real estate tax bill, because the parties knew that the defendant could not pay on January 1, 1999. As such, the presentment of the January 1, 1999 tax bill CT Page 13360-D was not a condition precedent to the termination of the lease accomplished by the notice to quit, and such notice to quit was valid, as the rental payment that was due on May 30, 1999 passed without the payment of the additional rents in the form of the taxes.
As to the second special defense of the defendant, the defendant relies upon a single, short telephone call between Mr. Voll and Mr. Paoletta to establish forbearance. Forbearance has been defined as:
 The renunciation, repudiation, abandonment or surrender of some claim, right, privilege, or of the opportunity to take advantage of some defect, irregularity, or wrong. An expressed or implied relinquishment of a legal right. Panganiban v. Panganiban, Ct. Sup. Ct. No. 538834 (Jan. 20, 1998), J.D. of New London, (Austin, J.) citing Atlas Life Ins. Co. v. Schrimher, 179 Okla. 643, 66 P.2d 944, 948.
 The Restatement (Second), Contracts, Sec. 90, (1973) further defines forbearance:
 A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance CT Page 13360-E is binding if injustice can be avoided only by enforcement of the promise, but the remedy granted for breach of the promise may be limited as justice requires. Lestrange v. Korowothy,
Ct. Sup. Ct. No. CV94046929S, (Nov. 4, 1997); J.D. of Ansonia/Milford at Ansonia, (Corradino, J.)
Our Connecticut courts further comment upon this defense:
 A fundamental element of the defense of forbearance, and promissory estoppel, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all. Dunn v. NPM HealthCare Products, Inc, Ct. Sup. Ct. No. 530682, (Aug. 24, 1994). J.D. of New London, (Leuba, J.) citing E. Farnsworth, Contracts sec. 2.1a, p. 95.
This court is not convinced that the plaintiff communicated a promise not to proceed with an eviction action, and that there was any reason for the defendant to commit themselves to substantial renovations of the premises. There is no evidence to suggest that it was reasonable for the defendant to have expected any forbearance nor was there testimony to suggest a concrete promise of forbearance. CT Page 13360-F
The defendant, at trial also raised a further issue whether the complaint states with sufficient specificity the lack of payment of taxes and insurance. The plaintiff's complaint refers to "unpaid rent (including additional rental)" (par. 3-Pl. complaint) The notice to quit states with specificity the non payment of "additional rentals, including taxes, sewer use charges, insurance and common facilities charges." The lease between the parties specifically identifies and defines taxes and insurance as "additional rental" in Article XVII and Article XVIII. As such, the court finds that the complaint sufficiently defines the nature of the breach of the lease for not paying "additional rentals."
With respect to the non-payment of the insurance as required in Article XVIII of the lease the Court finds that the insurance bill was presented, received, and unpaid by the defendant. (Pl. Ex. 5, 6). In addition, the Court finds that cancellation notices were sent to the defendant, and despite same, the payment of additional rent in the form of insurance was not paid pursuant to the lease.
The Court, therefore finds that a judgment of possession be entered for the plaintiff and for breach of an expressed stipulation in the lease, namely the non-payment of additional CT Page 13360-G rents in taxes and insurance.
Martin L. McKeever, Senior Judge